JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAY N TRADE FRANCHISE, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>PABLO TORRES, an individual; TORRES RAMIREZ, INC., a corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV10-03578 JHN (MLGx)<br>*Hon. Jacqueline H. Nguyen*<br><br>**[PROPOSED]** ORDER |

Plaintiff PLAY N TRADE FRANCHISE, INC. ("**PNT**") commenced this action by filing the Complaint and serving Defendants PABLO TORRES and TORRES RAMIREZ, INC. (collectively referred to herein as "**Defendants**") with the Summons and Complaint. The parties whose names appear hereafter, have agreed to settle this action without adjudication of any issue of fact or law, and without admitting to any contested issues of fact or to liability for any of the violations alleged in the Complaint.

THEREFORE, on the joint stipulation of PNT and Defendants, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This United States District Court has subject matter jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. Section 1121 (Lanham Act), 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1338(a) (trademark

violations). This Court also has supplemental jurisdiction over PNT's related state law claims pursuant to 28 U.S.C. Section 1367.

2. This Court has personal jurisdiction over Defendants because they had sufficient continuous and systematic minimum contacts with California that they foresaw the possibility of being sued in this state, including but not limited to, entering into the contract which is the subject matter of this dispute and provides for jurisdiction in Orange County, California.

3. The United States District Court for the Central District of California is the proper venue for the trial of this action as to Defendants because the Unit Franchise Agreement specifically provides that this Court is the proper venue for any action arising under the parties' agreement.

4. Defendants have entered into this Stipulated Judgment and Order ("**Order**") freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

5. PNT and Defendants hereby waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## ORDER

**I.     DISCONTINUE USE OF PNT MARKS**

IT IS FURTHER ORDERED that, by no later than April 1, 2011, Defendants shall perform the following acts:

> i. Remove from any of their retail outlets, at Defendants' expense, all identifying marks and signs erected or used by them and bearing PNT's proprietary marks, or any word or mark indicating that Defendants are associated or affiliated with PNT;
>
> ii. Erase and/or obliterate from letterheads, stationary, printed material, advertising or other forms used by Defendants, the PNT proprietary marks and all words indicating that Defendants are or were associated or affiliated with PNT;

      iii.    Permanently discontinue all advertising of Defendants' businesses to the effect that Defendants are or were associated or affiliated with PNT; and

      iv.    Refrain from doing anything which would indicate that Defendants were ever authorized area developers of PNT including, without limitation, indicating, directly or indirectly, that Defendants were licensed to use PNT's proprietary marks or any other distinctive PNT system features or that Defendants at any time operated under any name, word or mark associated or affiliated with PNT.

## II.  FEES AND COSTS

IT IS FURTHER ORDERED that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## III.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purpose of enabling the parties to apply to the Court at any time for such further orders and directives as may be necessary or appropriate for the interpretation or modification of this Order, or for the enforcement of compliance therewith.

## IV.  COMPLETE SETTLEMENT

The parties hereby consent to entry of the forgoing Order which shall constitute a final judgment and order in this matter with respect to all claims asserted by the parties. The parties further stipulate and agree that the entry of the foregoing Order shall constitute a full, complete and final settlement of this action.

**SO ORDERED this 22nd day of April, 2011.**

_____
Honorable Jacqueline H. Nguyen
District Court Judge